

**Jeffrey I. Shinder**
Attorney at Law
212-350-2709
jshinder@constantinecannon.com

February 21, 2014

**BY ECF**

Hon. Nicholas G. Garaufis
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re:   *In re American Express Anti-Steering Rules Antitrust Litig.,* 11-MD-2221 (NGG)

Dear Judge Garaufis:

On behalf of certain absent class members that object to final approval of the proposed class settlement (the "Objectors"),[1] we write pursuant to the Court's order of February 7, 2014, to respectfully request that the Court consider adopting certain procedures to follow in connection with its appointment of Professor Scott Hemphill as a technical advisor to the Court.

The Objectors have no objection to Prof. Hemphill's appointment, pursuant to Federal Rule of Evidence 706, to advise the Court with respect to economic issues that may arise in connection with the forthcoming motion for final approval of the proposed settlement. However, the Objectors believe that in the interests of efficiency and fairness, the Court should set forth the procedures that will be followed in connection with Prof. Hemphill's assignment.

---

[1] The Objectors are 7-Eleven, Inc.; Academy, Ltd. d/b/a Academy Sports + Outdoors; Aldo US Inc. d/b/a Aldo and Call It Spring; Affiliated Foods Midwest Cooperative, Inc.; American Eagle Outfitters, Inc.; Barnes & Noble, Inc.; Barnes & Noble College Booksellers, LLC; Beall's, Inc.; Best Buy Stores, L.P.; Boscov's, Inc.; Brookshire Grocery Company; Buc-ee's Ltd.; The Buckle, Inc.; Coborn's Incorporated; D'agostino Supermarkets, Inc.; Dillard's, Inc.; Drury Hotels Company, LLC; Euromarket Designs, Inc., d/b/a Crate & Barrel and CB2; Meadowbrook, L.L.C., d/b/a The Land of Nod; Express, LLC; HMSHost Corporation; IKEA North America Services, LLC; Lowe's Companies, Inc.; Martin's Super Markets, Inc.; National Grocers Association (NGA); PetSmart, Inc.; Recreational Equipment, Inc. (REI); Republic Services, Inc.; Urban Outfitters, Inc.; Wal-Mart Stores, Inc.; Whole Foods Market Group, Inc.; Whole Foods Market Rocky Mountain/Southwest, L.P.; Whole Foods Market California; Inc.; Mrs. Gooch's Natural Food Markets, Inc.; Whole Food Company; Whole Foods Market Pacific Northwest, Inc.; WFM-WO, Inc.; WFM Northern Nevada, Inc.; WFM Hawaii, Inc.; and WFM Southern Nevada, Inc.

We understand that, in accordance with the Court's order of February 11, 2014, approving the schedule proposed by Class Counsel, Prof. Hemphill will submit a report setting forth his opinions and their bases, to which the parties and objectors may respond. In order to ensure fairness to all of the parties and objectors, we respectfully request that the Court adopt procedures similar to those used by Judge Gleeson with respect to the court appointed expert in MDL 1720.[2] A copy of Judge Gleeson's order setting forth these procedures is attached hereto as Exhibit A. Accordingly, the Objectors propose the following procedures for Prof. Hemphill:

1. Each party shall provide Prof. Hemphill with a copy of the expert reports that the party has submitted in this case. Each party and objector shall also provide Prof. Hemphill with a copy of any expert report that the party or objector submits in connection with the forthcoming motion for final approval. The parties and objectors shall also provide Prof. Hemphill, upon his request, with any other documents that the party or objector has filed or served in this case.

2. The parties and objectors shall not provide Prof. Hemphill with any other materials that have not already been filed or served in this case without first receiving written authorization from the Court.

3. Upon the transmission of any material to Prof. Hemphill, the providing party or objector shall file a notice identifying the material provided.

4. The parties and objectors shall provide Prof. Hemphill with the name and contact information for a primary and alternate contact person for each group (*i.e.*, defendants, class plaintiffs, individual plaintiffs, and any objectors who wish to provide contact information) whom Prof. Hemphill can contact should he seek additional information in the record, have any questions, or need to contact any experts in this case.

5. All communications between the Court and Prof. Hemphill will be a matter of public record. To the extent that fairness requires disclosure to the parties and objectors of the substance of any communications regarding administrative matters, such disclosure will be made.[3]

We note that federal courts have generally recognized the need for such procedures to assist the court-appointed expert and to ensure the fairness of the process. *See, e.g., Brandeis*

---

[2] *See* 05-md-01720-JG-JO, E.D.N.Y., Dkt. # 68111

[3] Prior to entering his order, Judge Gleeson had scheduled an *ex parte* meeting with the court-appointed expert. However, "after reading much of the sparse guidance on the use of court-appointed experts," Judge Gleeson canceled that *ex parte* meeting because he had "become sensitive to the need to avoid unrecorded interactions between [the expert] and the Court." *See* 6/25/13 Letter from Gleeson, J. to Alan Sykes, attached hereto as Exhibit B.

*Univ. v. East Side Ovens Inc.*, 1:12-cv-01508, Docket No. 235 (N.D. Ill. Apr. 13, 2012) (Posner, J.) (attached hereto as Exhibit C); *FTC v. Enforma Natural Prods., Inc.*, 362 F.3d 1204, 1214-15 (9th Cir. 2004) (discussing standards for the appointment of technical advisors and citing cases.

      The Objectors also respectfully request that all parties and objectors be given the opportunity to review any materials provided to Prof. Hemphill, subject to the terms and conditions of the Protective Orders applicable to this MDL.

Respectfully Submitted,

/s

Jeffrey I. Shinder