

**GREGORY A. CLARICK**
212 633 4313
GCLARICK@CGR-LAW.COM

**VIA ECF** April 29, 2014

The Honorable Nicholas G. Garaufis
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

      Re:    *In re American Express Anti-Steering Rules Antitrust Litig.*, 11-MD-2221

Dear Judge Garaufis:

      We represent a group of absent members of the proposed settlement class in the above-named matter, including Target Corporation, Macy's, Inc., Kohl's Corporation, The TJX Companies, Inc., Staples, Inc., J.C. Penney Corporation, Inc., Office Depot, Inc., L Brands, Inc., Big Lots Stores, Inc., PNS Stores, Inc., C.S. Ross Company, Closeout Distribution, Inc., Ascena Retail Group, Inc., Abercrombie & Fitch Co., OfficeMax Incorporated, Saks Incorporated, The Bon-Ton Stores, Inc., Chico's FAS, Inc., Luxottica U.S. Holdings Corp., American Signature, Inc., and the National Retail Federation.  We write to join in the request submitted by Gary B. Friedman (counsel for Class Plaintiffs) on Thursday, April 24, 2014, for a pre-motion conference concerning access to certain Sealed Materials (as described in Mr. Friedman's letter) that have been submitted to the Court in connection with the proposed settlement.

      Our clients are evaluating the proposed settlement, because it would affect their interests.  Access to the record before this Court is material to our ability to advise our clients whether to exercise their right to object to the settlement.  *See Nixon v. Warner Commc'ns, Inc.*¸ 435 U.S. 589, 597-98 (1978) (finding that "every court has supervisory power over its own records and files," and "courts of this country recognize a general right to inspect and copy . . . judicial records and documents."); *see also Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 123 (2d Cir. 2006) (holding that "contested documents—by virtue of having been supporting material in connection with a [dispositive motion] . . . are unquestionably judicial documents under the common law.").

      We (and our clients) agree to be bound by the existing protective order in this case, and to maintain Sealed Materials on an "outside counsel's eyes only basis."  Accordingly, we ask that the Court schedule a pre-motion conference as Mr. Friedman has requested, and ask that we be permitted to participate in the conference.

Hon. Nicolas G. Garaufis
April 29, 2014
Page 2

      Contemporaneously with this letter, we also are submitting applications to be admitted *pro hac vice* for our co-counsel at the firm of Vorys, Sater, Seymour and Pease LLP.

      Very truly yours,

      Gregory A. Clarick

cc:  All Counsel of Record (via ECF filing)