CONSTANTINE | CANNON

NEW YORK | WASHINGTON

**Jeffrey I. Shinder**
Attorney at Law
212-350-2709
jshinder@constantinecannon.com

February 12, 2014

**BY ECF**

Hon. Nicholas G. Garaufis
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re:  *American Express Anti-Steering Rules Antitrust Litigation*, 11-MD-2221 (NGG)(RER)

Dear Judge Garaufis:

   Mr. Canter and I represent, respectively, the Target Objectors and the 7-Eleven Objectors to the proposed settlement in the putative merchant class action pending against American Express.  A motion for approval of that settlement is currently *sub judice*.

   Stephen W. Greiner of Willkie Farr & Gallagher, which represents MasterCard in *In re Payment Card Interchange Fee and Merchant Discount Antitrust*, 05-md-1720, has advised us that Willkie is in possession of documents and information in possible violation of the protective order entered by Your Honor in the pending litigation against American Express, and related communications that Mr. Greiner characterized as inappropriate.  According to Mr. Greiner, at least some of those protected materials were provided to Willkie by Gary Friedman, lead counsel for the putative merchant class suing American Express.  We are concerned that the possible violations revealed by Mr. Greiner may implicate the pending motion for settlement approval.  We respectfully request a conference with the Court as soon as practicable to address the issues raised by this disclosure.

   The facts, as we understand them from Mr. Greiner, are as follows.  Former Willkie partner Keila Ravelo was arrested in December for fraud committed against Willkie, its client MasterCard, and another law firm.  In connection with the U.S. Government's investigation leading to the arrest, Willkie began its own investigation, which is ongoing.  Last Friday, we received a letter from Mr. Greiner indicating that Willkie's investigation had revealed that there may have been improper disclosure of information that may be subject to Your Honor's protective order.  A copy of Mr. Greiner's letter is attached.

   Following Mr. Greiner's letter, a meeting was held at Willkie on Tuesday of this week.  At that meeting, Mr. Greiner disclosed that Willkie's investigation had revealed that Gary Friedman appears to have provided information which is subject to this Court's protective order

Hon. Nicholas G. Garaufis
February 21, 2014
Page 2

to Keila Ravelo. Ms. Ravelo was a senior member of Willkie's team representing MasterCard in MDL 1720. Apparently she was not engaged in any matter that would have entitled her to receive the information Mr. Friedman provided to her. Mr. Greiner has not yet disclosed to us the content of that information, or any information he may have as to why it was provided.

We are concerned that the information provided to us thus far by Mr. Greiner indicates that the elements of procedural and substantive fairness required in relation to approval of the proposed settlement may have been compromised.

During Tuesday's meeting at Willkie, counsel for American Express and for several other merchant objectors called Your Honor's Chambers to make the Court immediately aware of this emerging situation.

We appreciate Your Honor's consideration of this request for a conference. We are prepared to make ourselves available at a time that is convenient for the Court.

Respectfully submitted,

/s                                                          /s

Jeffrey I. Shinder                                          Michael J. Canter
Constantine Cannon LLP                                      Vorys, Sater, Seymour and Pease LLP
Counsel to the 7-Eleven Objectors [1]                       Counsel to the Target Objectors [2]

---

[1] The 7-Eleven Objectors are 7-Eleven, Inc.; Academy, Ltd. d/b/a Academy Sports + Outdoors; Aldo US Inc. d/b/a Aldo and Call It Spring; Affiliated Foods Midwest Cooperative, Inc.; American Eagle Outfitters, Inc.; Barnes & Noble, Inc.; Barnes & Noble College Booksellers, LLC; Beall's, Inc.; Best Buy Stores, L.P.; Boscov's, Inc.; Brookshire Grocery Company; Buc-ee's Ltd.; The Buckle, Inc.; Coborn's Incorporated; D'agostino Supermarkets, Inc.; Dillard's, Inc.; Drury Hotels Company, LLC; Euromarket Designs, Inc., d/b/a Crate & Barrel and CB2; Meadowbrook, L.L.C., d/b/a The Land of Nod; Express, LLC; HMSHost Corporation; IKEA North America Services, LLC; Lowe's Companies, Inc.; Martin's Super Markets, Inc.; National Grocers Association (NGA); PetSmart, Inc.; Recreational Equipment, Inc. (REI); Republic Services, Inc.; Urban Outfitters, Inc.; Wal-Mart Stores, Inc.; Whole Foods Market Group, Inc.; Whole Foods Market Rocky Mountain/Southwest, L.P.; Whole Foods Market California; Inc.; Mrs. Gooch's Natural Food Markets, Inc.; Whole Food Company; Whole Foods Market Pacific Northwest, Inc.; WFM-WO, Inc.; WFM Northern Nevada, Inc.; WFM Hawaii, Inc.; and WFM Southern Nevada, Inc.

[2] The Target Objectors are Target Corporation, Macy's, Inc., Kohl's Corporation, the TJX Companies, Inc., Staples, Inc., J.C. Penney Corporation, Inc., Office Depot, Inc., L Brands, Inc., Big Lots Stores, Inc., PNS Stores, Inc., C.S. Ross Company, Closeout Distribution, Inc., Ascena Retail Group, Inc., Abercrombie & Fitch, OfficeMax Incorporated, Saks Incorporated, the Bon-Ton Stores, Inc., Chico's FAS, Inc., Luxottica U.S. Holdings Corp., American Signature, Inc., and Lord & Taylor Acquisition, Inc. Objectors PHS Stores, Inc., C.S. Ross Company, and Closeout Distribution, Inc. are affiliated with Big Lots Stores, Inc.