CRAVATH, SWAINE & MOORE LLP

WORLDWIDE PLAZA
825 EIGHTH AVENUE
NEW YORK, NY 10019-7475

TELEPHONE: +1-212-474-1000
FACSIMILE: +1-212-474-3700

CITYPOINT
ONE ROPEMAKER STREET
LONDON EC2Y 9HR
TELEPHONE: +44-20-7453-1000
FACSIMILE: +44-20-7860-1150

WRITER'S DIRECT DIAL NUMBER
+1-212-474-1243

WRITER'S EMAIL ADDRESS
echesler@cravath.com

JOHN W. WHITE
EVAN R. CHESLER
RICHARD W. CLARY
STEPHEN L. GORDON
ROBERT H. BARON
DAVID MERCADO
CHRISTINE A. VARNEY
PETER T. BARBUR
THOMAS G. RAFFERTY
MICHAEL S. GOLDMAN
RICHARD HALL
JULIE A. NORTH
ANDREW W. NEEDHAM
STEPHEN L. BURNS
KATHERINE B. FORREST
KEITH R. HUMMEL
DAVID J. KAPPOS
DANIEL SLIFKIN
ROBERT I. TOWNSEND, III
WILLIAM J. WHELAN, III
PHILIP J. BOECKMAN
WILLIAM V. FOGG
FAIZA J. SAEED
RICHARD J. STARK
THOMAS E. DUNN
MARK I. GREENE
DAVID R. MARRIOTT
MICHAEL A. PASKIN
ANDREW J. PITTS
MICHAEL T. REYNOLDS
ANTONY L. RYAN
GEORGE E. ZOBITZ
GEORGE A. STEPHANAKIS
DARIN P. MCATEE
GARY A. BORNSTEIN
TIMOTHY G. CAMERON
KARIN A. DEMASI
LIZABETHANN R. EISEN
DAVID S. FINKELSTEIN
DAVID GREENWALD
RACHEL G. SKAISTIS
PAUL H. ZUMBRO
ERIC W. HILFERS
GEORGE F. SCHOEN
ERIK R. TAVZEL
CRAIG F. ARCELLA
DAMIEN R. ZOUBEK
LAUREN ANGELILLI
TATIANA LAPUSHCHIK
ALYSSA K. CAPLES
JENNIFER S. CONWAY
MINH VAN NGO
KEVIN J. ORSINI
MATTHEW MORREALE
JOHN D. BURETTA
J. WESLEY EARNHARDT
YONATAN EVEN
BENJAMIN GRUENSTEIN
JOSEPH D. ZAVAGLIA
STEPHEN M. KESSING
LAUREN A. MOSKOWITZ
DAVID J. PERKINS
JOHNNY G. SKUMPIJA
J. LEONARD TETI, II
D. SCOTT BENNETT
TING S. CHEN
CHRISTOPHER K. FARGO
KENNETH C. HALCOM
DAVID M. STUART
AARON M. GRUBER
O. KEITH HALLAM, III
OMID H. NASAB
DAMARIS HERNÁNDEZ
JONATHAN J. KATZ
MARGARET SEGALL D'AMICO
RORY A. LERARIS
KARA L. MUNGOVAN
NICHOLAS A. DORSEY
ANDREW C. ELKEN
JENNY HOCHENBERG
VANESSA A. LAVELY
G.J. LIGELIS JR.
MICHAEL E. MARIANI

SPECIAL COUNSEL
SAMUEL C. BUTLER

OF COUNSEL
MICHAEL L. SCHLER

September 12, 2018

In re American Express Anti-Steering Rules Antitrust Litig. (II), No. 11-MD-2221 (E.D.N.Y.)

Dear Judge Garaufis:

I write on behalf of the American Express Defendants ("Amex") in opposition to the Merchant Plaintiffs' motion to compel Amex to file an answer to the amended complaint (ECF No. 821) (the "Letter Motion").

Case law is clear that a partial motion to dismiss suspends the time to answer all claims. Amex has served a partial motion to dismiss, which properly seeks to dismiss all claims based on three of Plaintiffs' four alleged market definitions. Plaintiffs do not cite a single case in support of their argument that this partial motion to dismiss fails to stay the time to answer under Rule 12(a)(4). Plaintiffs also fail to show that an answer would have any practical effect on the progress of this action. The only new factual allegations in the amended complaint are high-level, entirely conclusory assertions about price, output and quality. Plaintiffs know that Amex denies these conclusory assertions, and Amex has said so explicitly in a letter to Plaintiffs' counsel. An answer would thus have no effect on ongoing fact discovery or additional expert reports. Amex respectfully requests that this Court deny Plaintiffs' improper request for an answer that will not advance this case.

## I. AMEX'S PARTIAL MOTION TO DISMISS SUSPENDS THE TIME TO ANSWER ALL CLAIMS.

Citing no case law, Plaintiffs ignore the established rule in this Circuit: "[A] partial motion to dismiss will suspend the time to answer those claims or counterclaims that are not subject to the motion." *Barbagallo v. Marcum LLP*, 820 F. Supp. 2d 429, 443 (E.D.N.Y. 2011); *see also Lombardo v. Dr. Seuss Enters., L.P.*, No. 16-cv-9974 (AKH), 2017 WL 1378413, at *3-4 (S.D.N.Y. Apr. 7, 2017); *Dekom v. New York*, No. 12-cv-1318 (JS) (ARL), 2013 WL 3095010, at *5 (E.D.N.Y. June 18, 2013); *Gortat v. Capala Bros.*, 257 F.R.D. 353, 366 (E.D.N.Y. 2009); *Finnegan v. Univ. of Rochester Med. Ctr.*, 180 F.R.D. 247, 249-50 (W.D.N.Y. 1998); *Alex. Brown & Sons, Inc. v. Marine Midland Banks, Inc.*, No. 96-cv-2549 (RWS), 1997 WL 97837, at *6-7 (S.D.N.Y. Mar. 6, 1997); *Ricciuti v. N.Y.C. Transit Auth.*, No. 90-cv-2823 (CSH), 1991 WL 221110, at *2 (S.D.N.Y. Oct. 3, 1991).

Courts elsewhere apply the same rule. *See, e.g.*, *Sun v. Rickenbacker Collections*, No. 10-cv-1055 (EJD), 2012 WL 2838782, at *2 (N.D. Cal. July 10, 2012) ("The majority of courts have held that Rule 12(a)(4)(A) also applies in circumstances where, as here, the defendant files a motion to dismiss that is only partially dispositive."); *see also* C. Wright & A. Miller, 5A Federal Practice & Procedure § 1346 (explaining the majority rule that "filing of a motion that only addresses part of a complaint suspends the time to respond to the entire complaint, not just to the claims that are the subject of the motion").

Courts construe this principle broadly: "*Any* motion . . . will suspend the time to answer any claim." *Ricciuti*, 1991 WL 221110, at *2. They do so to avoid just the type of dispute and confusion that Plaintiffs would create here. Deferring an answer is necessary to avoid "'a procedural thicket' of piecemeal answers that would poorly serve judicial economy". *Gortat*, 257 F.R.D. at 366 (citation omitted). The alternative—multiple answers on multiple timelines—leads to "[t]horny questions . . . as to how the case should proceed pending resolution of the motion". *Ricciuti*, 1991 WL 221110, at *2; *see also Finnegan*, 180 F.R.D. at 250 (collecting cases); *Alex. Brown*, 1997 WL 97837, at *6-7 ("As a matter of policy and judicial economy such a conclusion [that any motion suspends the time to answer all claims] is required." (citation omitted)).

Amex has served a motion seeking partial dismissal of all claims based on three of Plaintiffs' four alleged market definitions: "Plaintiffs' claims based on one-sided and Amex-only market definitions . . . for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6)". (Ltr. Mot. Ex. A at 2.) No answer could be required as to the claims Amex seeks to dismiss. It would be equally improper and inefficient for Amex to answer the remaining allegations while the motion to dismiss is pending.

## II. AMEX'S MOTION TO DISMISS IS PROPER UNDER RULE 12(b)(6).

Although Amex cited Plaintiffs to this lengthy lines of cases (Ltr. Mot. Exs. F, I), Plaintiffs ignore it entirely. Instead, and without support, they say Amex's partial motion to dismiss does not meet the supposed requirements of Rule 12(b)(6). Plaintiffs' points fail.

### A. Amex's Motion Properly Seeks Dismissal of a Majority of Plaintiffs' Claims.

Once again citing no case law, Plaintiffs argue that Amex's motion does not qualify as a motion to dismiss under Rule 12(b)(6) because it seeks dismissal of all claims based on three of Plaintiffs' four alleged market definitions, rather than seeking dismissal of individual counts in their entirety. (Ltr. Mot. 1-2.[1]) There is no such rule. Rule 12(b)(6) permits dismissal of claims and counts in a complaint, in whole or in part. *See Decker v. Massey-Ferguson, Ltd.*, 681 F.2d 111, 121 (2d Cir. 1982) (affirming the dismissal of some but not all securities claims,

[1] Plaintiffs cite commentary to the 1946 Rules amendments, which says Rule 12(b)(6) "is substantially the same as the old demurrer for failure of a pleading to state a cause of action". The commentary addresses the treatment of statements outside the complaint introduced in support of a 12(b)(6) motion; it says nothing about any supposed requirements for a partial motion to dismiss under the Rule.

when the claims were part of the same cause of action); *In re Banco Bradesco S.A. Sec. Litig.*, 277 F. Supp. 3d 600, 670 (S.D.N.Y. 2017) (dismissing securities claims involving some but not all alleged misstatements, when the cause of action was pleaded in a single count); *see also Reyes v. Sofia Fabulous Pizza Corp.*, No. 13-cv-7549 (LAK), 2014 WL 1744254, at *3 (S.D.N.Y. Apr. 24, 2014) (dismissing only "so much of the claim for damages under the New York Labor Law as exceeds statutory damages"). And "*any* motion, particularly when the motion addresses a significant portion of the complaint . . . , will suspend the time to answer any claim". *Lombardo*, 2017 WL 1378413, at *3 (alterations in original) (quoting *Ricciuti*, 1991 WL 22110, at *2).

Amex's motion targets the majority of the amended complaint, seeking dismissal of all claims based on three of the four alleged market definitions—more than a "significant portion of the complaint". *Lombardo*, 2017 WL 1378413, at *3. Therefore, under Rule 12(a)(4) no further response is needed or appropriate.

**B. Amex's Motion Properly Seeks Dismissal and Summary Judgment in the Alternative.**

Plaintiffs further argue that Amex's motion is not a Rule 12(b)(6) motion to dismiss because Amex cites facts from the discovery record. (Ltr. Mot. 2.) But Amex properly moved pursuant to Rules 12(b)(6) and 56 in the alternative. As Amex explained in its motion: "Plaintiffs' claims based on one-sided and Amex-only market definitions should be dismissed for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). *In the alternative*, summary judgment on these claims is warranted because undisputed facts make clear that Amex is entitled to judgment as a matter of law. *Id.* R. 56. *In either case*, Plaintiffs' one-sided and Amex-only market claims fail." (Ltr. Mot. Ex. A at 2 (emphases added).)

Filing Rule 12 and Rule 56 motions together in the alternative is accepted practice in this Circuit. *See Nat. Res. Def. Council v. U.S. Dep't of Energy*, No. 17-cv-6989 (RWS), 2018 WL 1229733, at *1 n.1 (S.D.N.Y. Mar. 6, 2018) (authorizing defendant to move for an order dismissing the amended complaint or, in the alternative, for entry of summary judgment); *Corley v. United States*, No. 14-cv-925 (NGG) (SMG), 2016 WL 5394705, at *1-3 (E.D.N.Y. Sept. 27, 2016) (Garaufis, J.) (discussing applicable legal standards when "Defendants moved for partial dismissal or, alternatively, for partial summary judgment"); *Decter v. Second Nature Therapeutic Program, LLC*, 42 F. Supp. 3d 450, 455 (E.D.N.Y. 2014) (same); C. Wright & A. Miller, 5C Federal Practice & Procedure § 1366 (describing procedure for alternative Rule 12 and Rule 56 motions). When a defendant moves for dismissal or summary judgment in the alternative, the time to answer routinely is suspended while the motion is pending. *See, e.g.*, *Nat. Res. Def. Council*, 2018 WL 1229733 (ECF Nos. 8, 29-30, 60) (no answer filed while motion to dismiss or for summary judgment is pending); *Corley*, 2016 WL 5394705, at *1 (Garaufis, J.) (ECF Nos. 61-62, 97, 110) (no answer filed until after the court adjudicated the joint motion); *Decter*, 42 F. Supp. 3d at 455 (ECF Nos. 71, 78) (same).

Because Plaintiffs' claims fail on the face of the amended complaint, they may be dismissed without reference to any facts in the record. Amex cited facts and included a Rule 56.1 statement only for purposes of its alternative argument for summary judgment. Amex's motion is proper under Rule 12(b)(6), so Amex's time to answer is suspended.

## III. PLAINTIFFS HAVE MANUFACTURED A WASTEFUL, UNNECESSARY DISPUTE.

Plaintiffs' suggestion that they need Amex's answer to the amended complaint's new factual allegations in order for the case to proceed efficiently is baseless. Amex already answered earlier complaints in this action, denying nearly all of Plaintiffs' allegations and listing Amex's affirmative defenses. In their amended complaint, Plaintiffs added only blanket assertions about new market definitions and high-level, conclusory allegations that Amex's nondiscrimination provisions ("NDPs") caused Amex's two-sided price to increase and caused quality and output to go down. But Plaintiffs make no specific allegations and, indeed, do not indicate in any way how they propose to prove their claims. For example, Plaintiffs' allegations about two-sided price assert nothing more than that the NDPs "artificially inflated prices whether viewed as a one-sided price or part of a two-sided transaction price". Pls.' First Am. & Consol. Compl. ¶ 13 (July 27, 2018) (ECF No. 814). Similarly, Plaintiffs allege that the NDPs "suppress output" and result in "a lower number of credit card transactions" without providing any further explanation. *Id*. ¶¶ 4, 52. As such, Plaintiffs know more about Amex's position than the pleadings disclose about Plaintiffs': For claims based on a two-sided, all-GPCC market, Amex denies that the NDPs caused harm to competition in the form of higher prices, decreased quality or reduced output. Plaintiffs cannot credibly suggest they do not know Amex's position when there is extensive trial testimony in the Government case from Amex's expert, Professor Bernheim, that Amex's price has declined and that transaction volume and quality have increased dramatically. Amex also explicitly told Plaintiffs in a letter on September 5, 2018 that Amex "denies that its nondiscrimination provisions caused anticompetitive harm with respect to price, output or quality". (Ltr Mot. Ex. I at 1.)

Contrary to Plaintiffs' assertion, the lack of an answer to Plaintiffs' new conclusory allegations will thus not affect the progress of this case. (*See* Ltr. Mot. 4.) The lack of an answer is certainly not impeding the parties in completing supplemental fact discovery. Indeed, the parties have been regularly meeting and conferring about discovery, there have been no discovery disputes and Amex has made two productions containing a substantial amount of data and several categories of documents. As for expert discovery, Amex's experts already disclosed opinions in their 2013 reports about output, price and quality in a two-sided, all-GPCC market. Plaintiffs also will have a full opportunity to review and respond to Amex's additional expert reports, which will say far more about Amex's positions than any answer would.

Accordingly, Amex respectfully requests that Plaintiffs' Letter Motion be denied.

/s/ Evan R. Chesler

Evan R. Chesler

Hon. Nicholas G. Garaufis
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

BY ECF

Copies to: All counsel of record by email